ANNIE AIKEN PHILLIPS
vs.
JOHN MAREK, ET AL.

Superior Court        Fairfield County        File #43887

Present:   Hon. FRANK P. McEVOY, Judge.

Curtis, Brinckerhoff & Barrett, Attorneys for the Plaintiff.

Mernstein & Weissman;
Louis M. Altman,            Attorneys for the Defendant.

## MEMORANDUM FILED SEPTEMBER 25, 1935.

McEVOY, J.  This is an action of foreclosure.

On June 6, 1935, title became absolute in the plaintiff.

After the date of the institution of this action and before June 6, 1935, the plaintiff peaceably entered into possession of, at least part of, the foreclosed premises and collected and retained rents.

On June 7, 1935—the day after title vested in the plaintiff —the defendant filed a motion in writing that "the plaintiff be required to give an account of the rents collected by her in the above entitled action".

Subsequently—involuntarily, but in compliance with an order of court—the plaintiff did file an account.

The defendant has filed a motion to make the items of the "account" more specific.

Plaintiff says that this motion should not be granted and claims that the Court has no "jurisdiction" to grant the motion.

"The object of an account is to obtain a statement of the precise sum due so that the mortgagor can make a tender that will be accepted."  **Thompson on Real Property, Volume 5, Section 4740, Page 955.**  The mortgagee is chargeable to account only on redemption.  **Id. Page 954.**

"He (the mortgagee) is not chargeable so long as the premises are not redeemed. . . . After the mortgage is extinguished the right to an accounting is also extinguished".  **Jones on Mortgages, Volume 2, Section 1427, Pages 914-915.**

If the statement of account were made more specific what would it avail the defendant?  This is a pertinent question.

"The right (to an account) must be enforced in equity and

not in law." **Thompson on Real Property, Volume 5, Section 4740, Page 954.**

If the motion for an accounting had been made before the redemption day it would have served the useful purpose of aiding the defendant, mortgagor, to ascertain the amount required for payment of the foreclosure judgment.

The defendant might waive this right. By failing to file the motion for an account before the redemption day the defendant has waived this right. This failure to file the motion at the required time constitutes an election which, when exercised, is exhausted.

The ascertainment of the items of the account at this time would avail nothing.

The order to make more specific would not, ultimately, be enforceable.

It would not be based upon any part of the pleadings, nor would it furnish a basis for any judgment in this action.

The judgment has been entered and is complete.

Under the statute it may not now be opened—certaintly not for this purpose.

The motion to make more specific is denied.